FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 07 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PATRICIA ATKINS-PAYNE,

                     Plaintiff,

      -against-

THE CITY OF NEW YORK POLICE
DEPARTMENT; JOHN DOE #1; JOHN DOE #2
of 67th Precinct, individually and in their official
capacities; NYC EMS,

                     Defendants.
------------------------------------------------------------ x

MEMORANDUM AND ORDER

19-CV-6398 (ENV)(RML)

VITALIANO, D.J.

    *Pro se* plaintiff Patricia Atkins-Payne filed this action, pursuant to 42 U.S.C. § 1983 against two New York City agencies and two John Doe police officers related to an incident that occurred on August 10, 2018. Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. The claims against the New York City Police Department and "NYC EMS" are dismissed *sua sponte*. The claims against the John Doe police officers may proceed.

## Background

    The following factual allegations are taken from the Complaint and attached exhibits and are assumed to be true for purposes of this Order. On August 10, 2018, plaintiff went to Family Court seeking an order of protection against "[her] daughter and her father." Compl., Dkt. 1 at 2. That same day, "the behavior" prompting her request for an order of protection, Atkins-Payne says, "escalated" and she called the police. *Id.* Two police officers, identified here as John Doe # 1 and John Doe # 2, came to plaintiff's home at 861 East 46th Street in Brooklyn. *Id.* The officers went upstairs to talk to plaintiff's daughter "for over an hour." *Id.* When they returned downstairs, the officers told plaintiff that they wanted her to "volunteer to go to the

hospital." *Id.* Plaintiff repeatedly refused to go. The officers eventually placed her in handcuffs, and paramedics placed her in a Fire Department of New York ambulance and transported her to Brookdale Hospital. *Id.* at 3, 5. At Brookdale, Plaintiff was evaluated by medical staff at 11:38 pm. *Id.* at 5. She was discharged at 2:01 pm on August 11, 2018. *Id.* Her discharge paperwork described her "Admission Diagnoses/Reasons for Visit" as "Paranoid personality disorder." *Id.* Plaintiff seeks $8 billion in damages. *Id.* at 4.

Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Discussion

Plaintiff's complaint invokes her constitutional rights, a claim which may be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

There are additional pleading requirements for cities and local governments. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotations omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985).

In this case, Atkins-Payne brings claims against two agencies of the City of New York, the New York City Police Department and NYC EMS, which is part of the New York City Fire Department. Section 396 of the New York City Charter provides that suits must be brought

against the City of New York and not any agency or subdivision. *See Nnebe v. Daus*, 644 F.3d 147, 158 n.6 (2d Cir. 2011). However, plaintiff does not allege any unconstitutional policy or custom attributable to these agencies or the City of New York. Accordingly, her claims against the Police Department and "NYC EMS" are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  John Doe Defendants

Plaintiff's claims may proceed against the two police officers. However, the United States Marshals Service lacks the requisite identifying information to serve the John Doe defendants. The problem encountered by plaintiff is a common one. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. One means of dealing with this problem would be to permit plaintiff to conduct discovery against the City of New York, to serve interrogatories and document requests in an effort to identify these officers, and, once identified, to ascertain their whereabouts for purposes of service. Then Plaintiff would amend her complaint and initiate service upon these defendants. This process is not only cumbersome for a *pro se* plaintiff, it often is futile.

Accordingly, the Court requests the Corporation Counsel for the City of New York to attempt to ascertain the full names and the shield numbers of the John Doe police officers from the 67th Precinct who responded to plaintiff's call on August 10, 2018. Corporation Counsel shall provide this information to the Court within 45 days of the date of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names and shield numbers of these officers, summonses shall be issued, and the Marshals Service shall provide service on these defendants.

4

Conclusion

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons set forth above, all of her claims against the Police Department and NYC EMS are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against the City of New York or any City agency.

Plaintiff's claims may proceed against the individual police officers. The Clerk of Court shall mail a copy of this Order and the Complaint to the New York City Law Department, Special Federal Litigation Division. Once Corporation Counsel has provided the requested information for the John Doe defendants, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information and to issue summonses against the officers. The United States Marshals Service is directed to serve these defendants once summonses are issued. The Court refers this matter to Magistrate Judge Robert M. Levy for pretrial supervision.

The Court, certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 24, 2019

s/ Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge